UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIEF TRENAY HOYE EL, on behalf of JEANNETTIA N. WEST,<br><br>Plaintiff,<br><br>v.<br><br>BETTY ROSE and WILLIE LEE WILLIAMS,<br><br>Defendants. | No. 1:21-mc-00078 DAD<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED<br><br>(Doc. No. 1) |

The court has received and reviewed the documents filed on or about August 19, 2021, by the above-named plaintiff, who is proceeding *pro se*, ostensibly on behalf of a third party. (Doc. No. 1.) These documents demand the Clerk of the Court "execute and file" an attached document that purports to be a "tribal protection order"; return an "Indian Child who is protected by the Tribal Sovereign Immunities Act, the Indian Child Welfare Act and Public Law 94-467" to his "Natural Mother Jeannettia Nicole West"; and then "take into custody" the defendants for "criminal violations disclosed within the petition tribal protection order." (*Id*. at 1.) The documents suggest that plaintiff expects the Clerk of the Court to utilize the U.S. Marshals Service to accomplish these tasks. (*See id*.)

Although it is not entirely clear, the court assumes that plaintiff seeks to invoke the procedure set forth in 18 U.S.C. § 2265, which provides that a qualifying protection order issued

1

by any "State, Indian tribe, or territory" shall be accorded full faith and credit by the court of another State, Indian tribe, or territory.  Among other things, to be accorded such full faith and credit, the protection order in question must be issued by a "state, tribal or territorial court" with "jurisdiction over the parties and matter under the law of such State, Indian tribe, or territory." 18 U.S.C. § 2265(b)(1).  In this regard, the documents do not appear to validly invoke § 2265, as they were issued by an out-of-state entity that is not listed as a recognized tribal court under either federal or state law and which appears to have no valid claim to assert jurisdiction over anyone, let alone over any party to this case.  In addition, as the filed documents themselves reveal, Jeannettia Nicole West and the defendants in this action are engaged in an ongoing child custody dispute in state court:  Fresno County Superior Court Case No. 19CEPR00867.  For that additional reason, even if a valid protective order exists, abstention appears to be warranted here. *See Younger v. Harris*, 401 U.S. 37, 43–55 (1971); *S.P. ex rel. Parks v. Native Vill. of Minto*, 443 F. App'x 264, 266 (9th Cir. 2011) (applying *Younger* to abstain from custody dispute where full faith and credit of a tribal court judgment was at issue in state court)[1].

    For all these reasons, plaintiff is ordered to show cause in writing within fourteen days of the date of this order why this case should not be dismissed.  Failure to timely respond to this order will result in summary dismissal of this case.  Plaintiff is reminded that *pro se* parties are subject to the Federal Rules of Civil Procedure 11, *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994), and that remedies for violation of that rule include the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **August 20, 2021**

UNITED STATES DISTRICT JUDGE

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).