UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIEF TRENAY HOYE EL, on behalf of JEANNETTIA N. WEST,<br><br>Plaintiff,<br><br>v.<br><br>BETTY ROSE and WILLIE LEE WILLIAMS,<br><br>Defendants. | No. 1:21-mc-00078-DAD<br><br>ORDER DISMISSING ACTION WITH PREJUDICE<br><br>(Doc. No. 1) |

On August 19, 2021, the above-named plaintiff, who is proceeding *pro se*, filed a set of documents with this court, ostensibly on behalf of a third party. (Doc. No. 1.) These documents demand that the Clerk of the Court "execute and file" an attached document that purports to be a "tribal protection order"; return an "Indian Child who is protected by the Tribal Sovereign Immunities Act, the Indian Child Welfare Act and Public Law 94-467" to his "Natural Mother Jeannettia Nicole West"; and then "take into custody" the defendants for "criminal violations disclosed within the petition tribal protection order." (*Id*. at 1.) The documents suggest that plaintiff expects the Clerk of the Court to utilize the U.S. Marshals Service to accomplish these tasks. (*See id*.)

On August 23, 2021, the court issued an order to show cause ("OSC") why this case should not be dismissed. (Doc. No. 2.) As previously indicated, the court assumes that plaintiff

1

seeks to invoke the procedure set forth in 18 U.S.C. § 2265, which provides that a qualifying protection order issued by any "State, Indian tribe, or territory" shall be accorded full faith and credit by the court of another State, Indian tribe, or territory. Among other things, to be accorded such full faith and credit, the protection order in question must be issued by a "state, tribal or territorial court" with "jurisdiction over the parties and matter under the law of such State, Indian tribe, or territory." 18 U.S.C. § 2265(b)(1).

The court issued OSC questioned whether the filed documents validly invoke § 2265, because

> they were issued by an out-of-state entity that is not listed as a recognized tribal court under either federal or state law and which appears to have no valid claim to assert jurisdiction over anyone, let alone over any party to this case. In addition, as the filed documents themselves reveal, Jeannettia Nicole West and the defendants in this action are engaged in an ongoing child custody dispute in state court: Fresno County Superior Court Case No. 19CEPR00867.

(Doc. No. at 2.) For that additional reason, the OSC explained that "even if a valid protective order exists, abstention appears to be warranted here" under *Younger v. Harris*, 401 U.S. 37, 43–55 (1971). (*Id.*); *see also S.P. ex rel. Parks v. Native Vill. of Minto*, 443 F. App'x 264, 266 (9th Cir. 2011) (applying *Younger* to abstain from custody dispute where full faith and credit of a tribal court judgment was at issue in state court)[1].

On September 10, 2021, plaintiff filed a set of documents with the court which purport to "contain our response" to the OSC. (Doc. No. 4.)[2] Among other things, the filing attaches a copy of the OSC, numerous copies of "League of Indian Nations" ID cards, and a document from the League of Indian Nations of North America©" entitled "Tribal Circuit Court Systems™: Writ of Federal Recognition and Treaty Law." (Doc. No. 4 at 6.) Nothing in the filing addresses the

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

[2] On September 3, 2021, plaintiff filed a "notice" with the court suggesting that this court has "accepted" removal of a state court custody matter. (Doc. No. 3.) This is a misrepresentation of the record and the law, as the court's OSC clearly indicates. Moreover, because the September 3, 2021 filing does not invoke any rule of procedure or ask this court to act, that filing will be disregarded.

court's concern that the documents were not issued by a tribal court recognized under either federal or state law; the "League of Indian Nations of North America©" does not appear to be a federally or state recognized tribe in any jurisdiction.

Even assuming, *entirely* for the sake of argument, that the status and/or validity of the "League of Indian Nations of North America©" is irrelevant, plaintiff has totally failed to address *Younger*. *Younger* abstention is a potential issue where disposition of a federal case "would have the same practical effect on [a] state proceeding as a formal injunction." *Gilbertson v. Albright*, 381 F.3d 965, 977–78 (9th Cir. 2004) (*en banc*). Abstention under *Younger* "is required if . . . state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of Sup. Ct. of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (*per curiam*) (*citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). All three *Younger* elements are present here. The state proceedings are ongoing.³ The state custody dispute implicates important state interests in family relations. *See H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). In addition, just as in *S.P. ex rel Parks*, 443 F. App'x at 265–66 the questions presented in this case are intertwined with (if not identical to) the issue of whether the protective order must be given full faith and credit in the state court. The "League of Indian Nations of North America©" has filed several documents in the state court case. The court's own review of California caselaw indicates that California courts can and do consider arguments about whether to extend full faith and credit to tribal protective orders. *See Kory v. Lynch*, No. B267409, 2019 WL 211179, at *1 (Cal. Ct. App. Jan. 16, 2019) (evaluating whether to give full faith and credit to out-of-state protective order under 18 U.S.C. § 2256); *see also In re Sadie S.*, 241 Cal. App. 4th 1289 (2015) (affirming a juvenile court's grant of full faith and credit to tribal court's order in a custody dispute). Accordingly, the court concludes that the state proceeding will afford plaintiff an adequate opportunity to litigate the federal issue. For these reasons, the court finds that

---

³ The court takes judicial notice of the state court custody docket in Fresno County Superior Court Case No. 19CEPR00867.

abstention and dismissal are appropriate under Younger.  *See AmerisourceBergen Corp. v. Roden,* 495 F.3d 1143, 1148 (9th Cir. 2007) (dismissal is the appropriate approach under *Younger* where the plaintiff seeks injunctive or declaratory relief (rather than damages) from federal court).

**CONCLUSION**

For the reasons set forth above, this case is DISMISSED WITH PREJUDICE.  The Clerk of the Court is directed to close this matter.

IT IS SO ORDERED.

Dated:  **October 22, 2021**  　　　　　　　*Dale A. Drozd*　　　　　　
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE